UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-10048-LTS |
| | ) | |
| (2) CLEBER RENE RIZERIO ROCHA, | ) | |
| Defendant. | ) | |

## <u>UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE</u>

The United States of America, by its attorney, William D. Weinreb, Acting United States

Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a

Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 982(a)(1),

and Rule 32.2(b) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of

Forfeiture is submitted herewith.   In support thereof, the United States sets forth the following:

1.      On March 7, 2017, a federal grand jury sitting in the District of Massachusetts

returned a two-count Indictment, charging defendant Cleber Rene Rizerio Rocha (the

"Defendant"), and another, with Conspiracy to Launder Money, in violation of 18 U.S.C.

§ 1956(h) (Count One), and Money Laundering and Aiding and Abetting, in violation of 18

U.S.C. §§ 1956(a)(1)(B)(i), and 2 (Count Two).

2.      The Indictment also included a forfeiture allegation, pursuant to 18 U.S.C.

§ 982(a)(1), which provided notice that the United States intended to seek forfeiture, upon

conviction of the Defendant of one or more of the offenses alleged in Counts One and Two of the

Indictment, of any property, real or personal, involved in the offenses, and any property traceable

to such property.   Such property specifically included, without limitation:

> (a)      a sum of money equal to the total amount of money involved in the
> offenses, which may be entered in the form of a (joint and several)
> forfeiture money judgment;

(b)     $19,377,684 in United States currency, recovered on January 4, 2017, (the "Currency"); and

(c)     $45,000 in United States currency, recovered on January 9, 2017.[1]

3.      The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets identified in Paragraph 2, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p).

4.      On October 19, 2017, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Indictment. During the hearing, the United States gave a recitation of the facts, referenced the Currency being forfeited, and described how the Currency being forfeited constituted property, real or personal, involved in the offenses, and property traceable to such property.   The Defendant did not object.

5.      In light of the Defendant's guilty plea, the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty. Accordingly, the Currency is subject to forfeiture to the United States pursuant to 18 U.S.C.

---

[1] This asset was seized from another individual, and this defendant does not have an interest in this asset. The United States will not be pursuing judicial forfeiture of this asset as it was administratively forfeited on May 22, 2017.

2

§ 982(a)(1).

6.      Pursuant to 18 U.S.C. § 982(a)(1), and Rule 32.2(b)(2) of the Federal Rules of

Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture

against the Currency.

7.      Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C.

§ 982(a)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United

States shall publish, for thirty (30) consecutive calendar days on the government forfeiture

website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United

States' intent to dispose of the Currency, and notice that any person, other than the Defendant,

having or claiming a legal interest in the Currency must file a petition with the Court within sixty

(60) days after the first day of publication on the government forfeiture website or within thirty

(30) days after receipt of actual notice, whichever is earlier.

8.      This notice shall state that the petition shall be for a hearing to adjudicate the

validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under

penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or

interest in the forfeited Currency and any additional facts supporting the petitioner's claim and

the relief sought.

9.      The United States may also, to the extent practicable, provide direct written notice

to any person known to have alleged an interest in the Currency that is the subject of the

Preliminary Order of Forfeiture as a substitute for published notice as to those persons so

notified.

WHEREFORE, the United States requests that this Court:

(a)      enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)      retain jurisdiction in this case for the purpose of enforcing the Preliminary Order of Forfeiture;

(c)      include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(d)      incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:      /s/ Doreen M. Rachal
ANDREW E. LELLING
NEIL J. GALLAGHER
DOREEN M. RACHAL, B.B.O #667837
Assistant United States Attorneys
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: [date]                        Doreen.Rachal@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Preliminary Order of Forfeiture, as well as the proposed Preliminary Order of Forfeiture, were filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Doreen M. Rachal
DOREEN M. RACHAL
Dated: [date]                        Assistant United States Attorney

4